## FIDELITY & DEPOSIT CO. OF MARYLAND v. CITIZENS NAT. BANK OF WACO.

### No. 8774.

Circuit Court of Appeals, Fifth Circuit.

Feb. 23, 1939.

HUTCHESON, Circuit Judge, dissenting.

———◆———

For original opinion, see 100 F.2d 807.

Albert B. Hall, of Dallas, Tex., for appellant.

H. M. Richey, of Waco, Tex., for appellee.

Before SIBLEY and HUTCHESON, Circuit Judges, and DEAVER, District Judge.

PER CURIAM.

■ We recognize that when the Tax Collector took checks instead of money for taxes that the taxes were not thereby paid until the checks were honored. When he took such checks to this bank which was also the County Depository he had a right to put those drawn on another bank in a special account for collection. We hold that when collection was made by the bank as the tax collector's agent the tax covered by such a check stood paid, and the proceeds were known to the bank to be public funds which the Tax Collector was bound to place with the depository, and since they were already in its hands to the credit of the Tax Collector the bank could hold them only as depository. The Tax Collector cannot, as he sought to do, put in his collection account either cash or checks drawn on the depository bank itself. When such checks are presented and honored, or when cash is deposited, the funds being public money are, like the proceeds of collections from other banks, held as such by the depository. By the statute, it can pay the public funds out on the Tax Collector's checks to no others than treasurers. It may be that there is no breach of depository duty in paying checks known to be for commissions, or other things for which the Tax Collector could pay out cash instead of putting it in the depository. And money mistakenly deposited might be restored. But in all these exceptional cases the facts justifying the payment must be shown, and are not to be assumed. The depository paying checks to others than treasurers must know and be prepared to prove its justification. If there is no justification shown, the depository stands as actively joining the Tax Collector in illegally paying out the public money violating the law under which it acts as depository. The special agreement between the Tax Collector and the bank that he should put not only foreign checks but all tax monies in a collection account to enable him to retain a checking control over it we hold to be illegal, plainly at variance with the depository's legal duty, and rather aggravating than excusing the illegal payment of his checks to others than treasurers.

■ It may be that the bank has an ultimate recourse on the Tax Collector personally if he really got the benefit of the misappropriated funds. We do not think this cuts off the Tax Collector's surety from subrogation to the State's right against the depository. The depository, as we see it, would not have recourse on the Tax Collector's surety if it had paid the State, because it participated actively in misapplying the public money. The surety, no doubt, in assuming liability as such, and in fixing the premium therefor,

relied on the law which requires the Tax Collector at once to deposit his collections in the depository, and prohibited them being checked out otherwise than to treasurers. If that law had been observed by the depository the surety would not have suffered this loss.

Motion for rehearing denied.

HUTCHESON, Circuit Judge, dissents.